IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   15-cv-00749-WYD-KLM

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

WILLIAM WISENER,

    Defendant.

## ORDER OF REMAND

THIS MATTER is before the Court on the Notice of Removal (ECF No. 1), filed April 10, 2015.  From the face of the Notice of Removal, this appears to be a state court action brought pursuant to Colo. R. Civ. P. 120 regarding an Order Authorizing Sale of a property.

By way of background, this case was originally assigned to Magistrate Judge Mix.  However, because consent to jurisdiction of a magistrate judge was not achieved, on May 12, 2015, this matter was reassigned to me.  *See* D.C.COLO.LCivR 40.1.  I note that prior to the reassignment, on May 4, 2015, Magistrate Judge Mix issued an Order to Show Cause ordering the Defendant to show cause in writing why this case should not be dismissed for his failure to comply with 28 U.S.C. § 1446 and the Local Rules and/or remanded to the state could for lack of jurisdiction.  (ECF No. 5).  In that order Magistrate Judge Mix correctly noted that the Defendant failed to provide any state court documents in connection with the Notice of Removal in violation of

28 U.S.C. § 1446(a), which provides that a removing defendant must file "all process, pleadings, and orders served upon" it as part of its Notice of Removal. *Id.* Defendant's "Notice of Removal failed to include all state court papers as required by § 1446(a) and a current docket sheet as required by D.C.COLO.LCivR 81.1. This is not a de minimis filing defect. *See Kansas v. Price*, 558 F.App'x 830, 831 (10th Cir. 2014) (unpublished decision) ("Mr. Price's failure to provide any documents from the state court proceedings served upon him, after receiving an order to show cause, is not de minimis.")." (ECF No. 5 at 2).

Finally, Magistrate Judge Mix stated that if this case was indeed a state court action brought under Colo. R. Civ. P. 120, this "Court does not have jurisdiction over cases arising from state proceedings under Rule 120." *Id.* (citing *Merrill Lynch Credit Corp. v. Moore*, No. 13-cv-00727-RBJ, 2013 WL 1787922, at *1 (D. Colo. April 26, 2013) (remanding Rule 120 proceeding for lack of jurisdiction and collecting cases)). I agree.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendant to comply with 28 U.S.C. § 1446 and the Local Rules with respect to filing a proper removal petition. Moreover, this Court does not have jurisdiction over cases arising out of Colo. R. Civ. P. 120.

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the state court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Lincoln County, Colorado District Court from which the case was removed.

Dated:  May 26, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge